Peter E. Garrell, Esq. (SBN: 155177)
pgarrell@linerlaw.com
Robert M. Shore, Esq. (SBN: 166018)
rshore@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Plaintiff
Spearmint Rhino Companies Worldwide, Inc.

FILED
11 JUL 11 PM 2:44
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SPEARMINT RHINO COMPANIES WORLDWIDE, INC, a Nevada corporation,

Plaintiff,

vs.

CHIAPPA FIREARMS, LTD., an Ohio limited liability company, and CHIAPPA HOLDINGS, LLC, an Ohio limited liability company,

Defendants.

Case No. CV11-05682 R(MANx)

**COMPLAINT FOR**

**(1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK;**
**(2) FALSE DESIGNATION OF ORIGIN (LANHAM ACT);**
**(3) DILUTION OF FAMOUS MARK;**
**(4) STATE LAW FALSE ADVERTISING; AND**
**(5) STATE LAW UNFAIR COMPETITION**

Plaintiff Spearmint Rhino Companies Worldwide, Inc. ("Rhino"), as and for its Complaint in this matter, alleges as follows:

## SUBJECT MATTER JURISDICTION

1. This action arises under the Lanham Act, an Act of Congress relating to trademarks, and asserts related claims of unfair competition and related claims that form part of the same case or controversy. Accordingly, this Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), (b), 1367(a) and 15 U.S.C. § 1121(a).

## PARTIES

2. Plaintiff Spearmint Rhino Companies Worldwide, Inc. ("Rhino"), is a Nevada corporation with its principal place of business in California.

3. Rhino is informed and believes, and on that basis alleges, that Defendant Chiappa Firearms, Ltd., is a limited liability company organized under the laws of the State of Ohio.

4. Rhino is informed and believes, and on that basis alleges, that Defendant Chiappa Holdings, LLC, is a limited liability company organized under the laws of the State of Ohio.

5. Rhino is informed and believes, and on that basis alleges, that each of Chiappa Firearms, Ltd., and Chiappa Holdings, LLC, is the alter ego of the other, or each is for some other reason responsible for the acts or omissions of the other.

## FACTUAL BACKGROUND

6. Rhino's principal business is the development and licensing of its trademarks and the maintenance of control over the quality of goods and services offered in connection with Rhino's marks. Rhino exercises careful control over its brand to ensure that the general public and its potential customers associate its brand

and its marks with the goods and services offered by Rhino and its authorized licensees, who pay Rhino a fee for their licenses.

7. Rhino owns a number of federally registered trademarks, which are used in connection with the goods and services offered by Rhino and its authorized licensees. These marks include marks with registration numbers 3,189,323, 3,189,324, and 3,205,552 (collectively, the "**RHINO OUTLINE** marks"). The applications for the **RHINO OUTLINE** marks all were filed on February 3, 2006. Accordingly, Rhino's registrations give it and its authorized licensees priority throughout the United States over any use in commerce of the **RHINO OUTLINE** marks that had not commenced by February 3, 2006. The **RHINO OUTLINE** marks have the following appearance:



8. The **RHINO OUTLINE** marks are distinctive marks that are widely recognized by the general consuming public of the United States as a designation of source of Rhino's goods and services.

9. Defendants Chiappa Firearms, Ltd., and Chiappa Holdings, LLC (collectively, "Chiappa"), offer firearms for sale in interstate commerce. One of Chiappa's products is the Rhino revolver. Rhino is informed and believes, and on that basis alleges, that Chiappa first placed the Rhino revolver in interstate commerce in or about 2009.

10. The Rhino revolver is advertised, offered for sale, and sold in interstate commerce bearing a reproduction, counterfeit, copy, or colorable imitation of the

**RHINO OUTLINE** marks. Below is a magnified image of the Rhino revolver as advertised on Chiappa's Web site:



Rhino recently learned for the first time of the Rhino revolver and its use of a reproduction, counterfeit, copy, or colorable imitation of the **RHINO OUTLINE** marks.

11. Rhino is informed and believes, and on that basis alleges, that Chiappa is actively seeking regulatory approval to sell the Rhino revolver in California. Using the Internet and other means, Chiappa is advertising the Rhino revolver in California in anticipation of receiving regulatory approval.

## FIRST CLAIM FOR RELIEF

**(Infringement of Federally Registered Trademark against all Defendants)**

12. Rhino incorporates paragraphs 1 through 11 as though set forth in full herein.

13. Rhino owns the **RHINO OUTLINE** marks, which are federally registered trademarks.

14. In connection with the Rhino revolver, among other products, Chiappa is using in commerce a reproduction, counterfeit, copy, or colorable imitation of the **RHINO OUTLINE** marks.

15. Chiappa's use of the **RHINO OUTLINE** marks is likely to cause confusion, or to cause mistake, or to deceive because, among other reasons, consumers are likely to believe that there is an affiliation, connection, or association

between Rhino or its licensees, on the one hand, and Chiappa, on the other hand. It therefore constitutes trademark infringement.

16. Chiappa's use of the **RHINO OUTLINE** marks has damaged Rhino. Rhino is informed and believes, and on that basis alleges, that Chiappa has obtained profits from its sales of the Rhino revolver. Rhino is entitled to recover from Chiappa its damages and Chiappa's profits resulting from Chiappa's infringement.

17. Chiappa's acts of trademark infringement, if not enjoined, will continue. Rhino has no adequate remedy at law because, among other reasons, it does not wish the general public to believe that it has endorsed or is affiliated with the Rhino revolver. Rhino is therefore entitled to a preliminary and permanent injunction ending Chiappa's acts of trademark infringement.

18. This case is exceptional, so as to entitle Rhino to attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Lanham Act False Designation of Origin against all Defendants)

19. Rhino incorporates paragraphs 1 through 11 as though set forth in full herein.

20. Chiappa uses on the Rhino revolver words, terms, names, and symbols that, alone and in combination, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Chiappa with Rhino and its licensees as to the origin, sponsorship, or approval of the Rhino revolver.

21. This confusion has damaged Rhino. Rhino is informed and believes, and on that basis alleges, that Chiappa has obtained profits from its sales of the Rhino revolver. Rhino is entitled to recover from Chiappa its damages and Chiappa's profits resulting from Chiappa's infringement.

22. Chiappa's false designation of origin, if not enjoined, will continue. Rhino has no adequate remedy at law because, among other reasons, it does not wish the general public to believe that it has endorsed or is affiliated with the Rhino

revolver. Rhino is therefore entitled to a preliminary and permanent injunction ending Chiappa's false designation of origin in connection with the Rhino revolver.

23. This case is exceptional, so as to entitle Rhino to attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution against all Defendants)

24. Rhino incorporates paragraphs 1 through 11 as though set forth in full herein.

25. The **RHINO OUTLINE** marks are famous, and became famous before Chiappa commenced use in commerce of its reproduction, counterfeit, copy, or colorable imitation of the **RHINO OUTLINE** marks.

26. Chiappa's use in commerce of its reproduction, counterfeit, copy, or colorable imitation of the **RHINO OUTLINE** marks is likely to cause dilution by blurring by impairing the distinctiveness of the **RHINO OUTLINE** marks by causing a perceived association between Chiappa and Rhino arising from the similarity between the marks.

27. Chiappa's use in commerce on firearms of its reproduction, counterfeit, copy, or colorable imitation of the **RHINO OUTLINE** marks is likely to cause dilution by tarnishment by harming the reputation of the **RHINO OUTLINE** marks by causing a perceived association arising from the similarity between the marks.

28. Rhino has no adequate remedy at law to prevent this dilution. Accordingly, Rhino is entitled to preliminary and permanent injunctive relief to require Chiappa to cease and desist its use of a reproduction, counterfeit, copy, or colorable imitation of the **RHINO OUTLINE** marks.

**FOURTH CLAIM FOR RELIEF**

**(State Law False Advertising against all Defendants)**

29. Rhino incorporates paragraphs 1 through 11 as though set forth in full herein.

30. By advertising the Rhino revolver in California and other states with a reproduction, counterfeit, copy, or colorable imitation of the **RHINO OUTLINE** marks, Chiappa is making an untrue or misleading assertion that there is an association between Chiappa, on the one hand, and Rhino and its licensees, on the other hand.

31. Rhino has been damaged and suffered injury in fact from this false advertising in that, among other things, the value of the **RHINO OUTLINE** marks is diminished. Chiappa's acts of false advertising are therefore actionable under the laws of California and of other states in which Chiappa does business.

32. Rhino has no adequate remedy at law for this false advertising. Accordingly, Rhino is entitled to a preliminary and permanent injunction to require Chiappa to cease and desist its acts of false advertising.

**FIFTH CLAIM FOR RELIEF**

**(State Law Unfair Competition against all Defendants)**

33. Rhino incorporates paragraphs 1 through 11 as though set forth in full herein.

34. Chiappa's use of a reproduction, counterfeit, copy, or colorable imitation of the **RHINO OUTLINE** marks is unlawful and unfair.

35. This use has damaged and will continue to damage Rhino.

36. Chiappa's acts of unfair competition are in violation of the laws of California and of other states in which Chiappa does business.

37. Rhino has no adequate remedy at law for this act of unfair competition. Accordingly, Rhino is entitled to a preliminary and permanent injunction to require Chiappa to cease and desist its acts of false advertising.

Wherefore Rhino prays for judgment as follows:

a. For monetary damages and Defendant's profits in an amount to be proved at trial but no less than $250,000;

b. For preliminary and permanent injunctive relief enjoining Defendants, and all those acting in concert or participation therewith, from infringing the **RHINO OUTLINE** marks and from committing any other act that is likely to cause confusion or mistake as to an affiliation or association between Rhino and Chiappa;

c. For reasonable attorneys' fees;

d. For costs of suit herein; and

e. For such other and further relief as justice may require.

Dated: July 11, 2011

LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR LLP

By: ______________________

Peter E. Garrell
Attorneys for Plaintiff
Spearmint Rhino Companies Worldwide, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV11- 5682 R (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Peter E. Garrell, Esq. (SBN: 1 )
Robert M. Shore, Esq. (SBN: 100018)
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3502
Tel. (310) 500-3500
Fax (310) 500-3501

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPEARMINT RHINO COMPANIES WORLDWIDE, INC, a Nevada corporation<br>PLAINTIFF(S)<br>v.<br>CHIAPPA FIREARMS, LTD., an Ohio limited liability company, and CHIAPPA HOLDINGS, LLC, an Ohio limited liability company<br>DEFENDANT(S). | CASE NUMBER<br>CV11-05682R(MANx)<br><br>**SUMMONS** |

TO:DEFENDANT(S): CHIAPPA FIREARMS, LTD., an Ohio limited liability company, and CHIAPPA HOLDINGS, LLC, an Ohio limited liability company

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Peter E. Garrell, Esq., whose address is 1100 Glendon Avenue, 14th Floor, Los Angeles, CA 90024. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 11 2011

By: JULIE PRADO
Deputy Clerk

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*


American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SPEARMINT RHINO COMPANIES WORLDWIDE, INC., a Nevada corporation

**DEFENDANTS**
CHIAPPA FIREARMS, LTD., an Ohio limited liability company, and CHIAPPA HOLDINGS, LLC, an Ohio limited liability company

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Peter E. Garrell, Esq. (SBN: 155177)
Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Tel. (310) 500-3500

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** 250,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1125

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV11-05682

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** July 11, 2011
Peter E. Garrell, Esq.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |



American LegalNet, Inc.
www.FormsWorkflow.com